IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELANGE CAFÉ LLC,

        Plaintiff,

v.                                                            CIVIL ACTION NO.   2:20-cv-00441

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, et al.,

        Defendants.


FILMANATIX LLC,

        Plaintiff,

v.                                                            CIVIL ACTION NO.   2:20-cv-00442

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

Upon review of the complaints filed in the above-styled matters, the Court observes that the two cases involve similar factual and legal allegations. In addition, both cases involve the same counsel and the same Defendants. The Court directed the parties to file any objections to consolidations or positions with regard to the scope of consolidation no later than July 9, 2020. No such objections have been filed.

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of civil actions. Rule 42(a) states that "[w]hen actions involving a common question of law or fact are

pending before the court, it may order . . . all the actions consolidated." Fed. R. Civ. Proc. 42(a). The Fourth Circuit Court of Appeals has given district courts the following guidelines to apply when considering a motion to consolidate actions:

> The critical question for the district court . . . was whether [1] the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits. [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). However, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. CIV.A. 2:04-0435, 2011 WL 1527581, at *2 (S.D.W. Va. Apr. 20, 2011) (Copenhaver, J.).

In both cases, the Plaintiffs are businesses that purchased Ultrapack Plus business insurance from Defendant Erie Insurance. Both Plaintiffs allege losses as a result of the coronavirus pandemic and the orders issued to combat the spread of the virus, including business closure orders. Both cases allege the same causes of action against the same Defendants, with the same factual basis. No party has objected, and the Court is unaware of any risk of prejudice or confusion that could result from consolidation. Consolidation, particularly at this early stage, will greatly reduce the burden on parties, counsel, witnesses and the Court, and will promote efficiency.

Wherefore, after careful consideration and without objection, the Court **ORDERS** that Civil Action Number 2:20-cv-442 be **CONSOLIDATED** with Civil Action Number 2:20-cv-441. Civil Action Number 2:20-cv-441 shall be designated as the lead case and the matter shall proceed under that styling.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 20, 2020

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA